FILED

06/27/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 17-0053

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 158N

IN THE MATTER OF:

D.S. and B.A.S.W.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause Nos. DN 15-109 and DN 16-27
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Craig Shannon, Attorney at Law, Missoula, Montana (for Father K.S.)

          Julie Elizabeth Brown, Attorney at Law, Missoula Montana (for Youths)

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana

          Kirsten H. Pabst, Missoula County Attorney, Jessica Finley, Deputy County Attorney, Missoula, Montana

Submitted on Briefs: June 7, 2017

Decided: June 27, 2017

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    In DA 17-0053, Appellant K.S. (Father) appeals the District Court's termination of his parental rights to his son, D.S., challenging the voluntariness of his relinquishment of his rights.  Likewise, in DA 17-0054, Father challenges the voluntariness of his relinquishment that served as the basis for the District Court's termination of his parental rights to his son, B.A.S.W.  The appeals raise the same issue and make the same arguments.  We hereby consolidate the appeals for issuance of an opinion applicable in both cases.

¶3    The Department of Public Health and Human Services, Child and Family Services Division (Department), filed a petition for emergency protective services regarding D.S. in August 2015, when he was three years old, and regarding B.A.S.W. in March 2016, shortly after his birth.  Father was represented by counsel throughout the proceedings for each child.  Based upon a sequence of stipulations entered by the parties, both children were adjudicated youths in need of care, Phase I treatment plans were approved, and temporary legal custody was extended through the time the Department filed petitions for termination of Father's parental rights to both children in September 2016, and until the resolution of those petitions.  The parental rights of the children's Mother, H.S., were also terminated, but Mother's rights are not before the Court in this proceeding.

¶4 During the pendency of the termination proceedings, Father signed affidavits waiving his parental rights and relinquishing the children for adoption. Father waived his right to notice of proceedings regarding the children, including any hearing for termination of his parental rights and awarding permanent legal custody to the Department, with the right to consent to adoption. Father's affidavit acknowledged that, prior to signing the relinquishment, he was fully advised of his legal rights and had been represented by counsel. He indicated that he had received at least three hours of personal counseling, conducted by Permanency Planning Specialist Kelly Slattery, at the Montana State Prison, where he was incarcerated, including receiving an explanation of the legal and personal consequences of his relinquishment, his options and legal rights, available resources, and the rights of his children to access records about him or to search for him. Father stated he knowingly, freely, unequivocally, and voluntarily transferred the custody of his children to the Department, and understood "that this relinquishment will remain valid whether or not any agreement for visitation or communication with the child is later performed." The Department signed agreements accepting custody of the children.

¶5 The District Court found: (1) the Department had made reasonable efforts to avoid protective placement of the children and to return the children to their home, but that dismissal of the termination petitions would create a substantial risk of harm to the children or would be a detriment to the children's physical or psychological well-being; and (2) custody of the children by Father was not in their best interest. Father has been incarcerated since the removal of the children from the home.

¶6    On appeal, Father argues that § 41-3-609(1), MCA, when read in conjunction with § 42-2-402, MCA, the relinquishment statute, requires a district court "to examine whether the father's relinquishment was voluntary" by such means as a "meaningful relinquishment colloquy" with Father. Father argues that the District Court failed to properly analyze the voluntariness of his relinquishment, and therefore, the District Court's findings and conclusions of voluntariness were clearly erroneous and incorrect.

¶7    We review a district court's findings of fact to determine whether they are clearly erroneous. *In re A.K.*, 2015 MT 116, ¶ 20, 379 Mont. 41, 347 P.3d 711. We review the district court's conclusions of law for correctness. *In re K.B.*, 2013 MT 133, ¶ 18, 370 Mont. 254, 301 P.3d 836 (citation omitted). "We review for an abuse of discretion the district court's decision to terminate parental rights." *In re K.B.*, ¶ 18.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact are supported by substantial evidence and are not clearly erroneous, and its interpretation and application of the law were correct. The District Court did not abuse its discretion by terminating Father's parental rights to D.S. and B.A.S.W.

¶9    Affirmed.


/S/ JIM RICE

4

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR